```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *

    vs.                           *     CRIMINAL NO. MJG-15-0302
                                                        CRIMINAL NO. MJG-15-0303
CHARLES DENNIS BOLDEN, SR.        *

*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Defendant Bolden's Motion for Release Pending Appeal [ECF No. 170 in 15-0302 and 322 in 15-0303] and the materials submitted relating thereto. The Court finds that neither a response nor a hearing is necessary.

## A. INTRODUCTION

The Defendant pleaded guilty to charges of conspiracy and theft from a program receiving federal funds in MJG-15-0303. He also pleaded guilty to conspiracy to obtain property under color of official right and extortion under color of official right in MJG-15-0303. There was no plea agreement.

At sentencing the Court accepted the Probation Officer's recommendation that the Offense Level was 16, based upon a loss that exceeded $6,500. Thus, the Guideline sentencing range was 21 to 27 months. The Court imposed a variant sentence of 15 months.

Defendant Bolden contends that the amount of the loss for Guidelines purposes was less than $6,500 so that the Offense Level

should have been 14, with a Guideline Sentencing range of 15 to 21 months. He contends that the Court would have varied downward two Offense Levels from Level 16 to Offense Level 14, yielding a Guideline sentencing range of 10 to 16 months in Zone C with a possible split sentence.

The pertinent statute, 18 U.S.C. § 3143(b)(1) provides[1] that a sentencing judge:

> Shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

---

1   Subject to exceptions not here relevant.

Defendant Bolden has shown by clear and convincing evidence that he is not a flight risk and does not pose a danger to the safety of any person or the community.  The Court will assume, without finding, that the appeal was not filed for purpose of delay.  However, the Court does not find that the appeal raises a substantial question likely to result in reversal, a new trial, a sentence without imprisonment or a sentence less than the 15 month sentence imposed.

The Court expressly stated at the sentencing that it was going to vary from offense Level 16 and sentence Defendant Bolden as if he were at Offense Level 14, that the sentence had to be 15 months (the low end of the Offense Level 14 Guideline range) and that if the Court had rejected the probation officer's recommendation of Offense Level 16 it would impose the same (15 month) sentence.

Accordingly, even if Defendant Bolden were to prevail on appeal in regard to the Offense Level determination, the sentence would be unchanged.  Therefore:

1. Defendant Bolden's Motion for Release Pending Appeal [ECF No. 170 in 15-0302] is DENIED.

2. Defendant Bolden's Motion for Release Pending Appeal [ECF No. 322 in 15-0303] is DENIED.

SO ORDERED, this Tuesday, September 20, 2016.

/s/_____<br>
Marvin J. Garbis<br>
United States District Judge